**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

**FRANK ANTHONY BERNAL**,
        Plaintiff,

vs.                                      No. CIV. 16-1365 JAP/GBW

**NANCY BERRYHILL,** Acting
Commissioner of the Social
Security Administration,
        Defendant.

**ORDER OVERRULING PLAINTIFF'S OBJECTIONS AND
ADOPTING MAGISTRATE JUDGE'S PROPOSED FINDINGS
AND RECOMMENDED DISPOSITION**

On January 19, 2018, Plaintiff Frank Anthony Bernal filed Objections[1] to the Magistrate Judge's PROPOSED FINDINGS AND RECOMMENDED DISPOSITIONS ("PFRD) (Doc. 30) and the Commissioner responded.[2] The Court recommitted the matter to the Magistrate Judge for clarification.[3] On April 26, 2018, the Magistrate Judge clarified the PFRD.[4] On May 4, 2018, Plaintiff filed Objections to Clarifications (Doc. 35). Being fully advised and after *de novo* review, the Court will overrule Plaintiff's Objections (Doc. 31) and Objections to Clarifications (Doc. 35), adopt the PFRD and Clarification, and deny Plaintiff's Motion to Remand (Doc. 25).

**I.     BACKGROUND**

On August 17, 2017, Plaintiff filed a Motion to Remand (Motion) asking the Court to reverse the Social Security Administration's decision denying his application for supplemental security income. (Doc. 25). In his Motion, Plaintiff alleged that his disability began on February 6, 2013 due to testicular cancer and a head injury. During the proceedings, the Social Security Administration considered additional claims based on intellectual disability, anxiety, and depression. In the PFRD, Magistrate Judge Wormuth recommended that the Plaintiff's Motion be denied and the Social Security Administration be affirmed.

In the Order for Clarification, the Court recommitted the PFRD to Magistrate Judge Wormuth to clarify his findings as follows:

---

[1] *See* OBJECTIONS TO PROPOSED FINDINGS AND RECOMMENDED DISPOSITION ("Objections") (Doc. 31)
[2] *See* DEFENDANT'S RESPONSE TO PLAINTIFF'S OBJECTIONS TO THE REPORT AND RECOMMENDATIONS OF THE UNITED STATES MAGISTRATE JUDGE (Doc. 32).
[3] *See* ORDER RECOMMITTING TO MAGISTRATE JUDGE FOR FURTHER CLARIFICATION OF ITS PROPOSED FINDINGS AND RECOMMENDED DISPOSITION (Doc. 33).
[4] *See* CLARIFICATION OF PROPOSED FINDINGS AND RECOMMENDED DISPOSITION (Doc. 34)("Clarification").

1

1. Was it harmless error for the ALJ to fail to address Listing ¶12.02, Organic Mental Disorder, when to meet the Listing ¶12.02 criteria, a Plaintiff must establish either A and B or alternatively, C, and the ALJ made no findings about whether Plaintiff met the definition of ¶12.02 or the criteria found in subsection C?;
2. Did the PFRD make a finding that a "wide range of issues [could] precipitate 'special education'" based on evidence in the record?;
3. Would the fact that a consulting physician's report should be properly characterized as "clinical findings" by a specialist in the field instead of "treatment notes" change the analysis as to whether the ALJ gave proper weight to the report? (Doc. 33, p.2).

On April 26, 2018, in response to the Order for Clarification, Magistrate Judge Wormuth entered a Clarification of the PFRD.

## II. STANDARD OF REVIEW

When a party files written objections to a magistrate judge's proposed findings and recommendations, the district court must conduct *de novo* review "of those portions . . . to which objection is made." 28 U.S.C. §636(b)(1)(C). "De novo review requires the district court to consider relevant evidence of record and not merely review the magistrate judge's recommendation." *Griego v. Padilla (In re Griego)*, 64 F.3d 580, 584 (10th Cir. 1995) (citation omitted). However, the district court is not required to make any specific findings. *Id*.

## III. ANALYSIS

The PFRD found no error in the ALJ's denial of Plaintiff's petition. In his Objections, Plaintiff alleges the ALJ erred in her determination in three ways. First, he contends that the ALJ erred in her determination at Step 3 because she incorrectly found that Plaintiff's impairment did not meet or was the equivalent of Listing ¶12.05(C), Intellectual Disability, and because she did not evaluate whether his impairment met the criteria of ¶12.02, Organic Mental Disorder. Second, Plaintiff alleges that the ALJ erred in the weight she gave to a consulting psychiatrist's report about Plaintiff's functional limitations. Third, Plaintiff claims that the ALJ erred at Step 5 because she failed to resolve conflicts between the vocational expert testimony and the Dictionary of Occupational Titles.

### A. The ALJ Did Not Err at Step 3

At Step 3 of the Sequential Evaluation for determining whether a claimant is entitled to SSI benefits, the ALJ considers whether a claimant's disabilities meet or equal one of the Listings of presumptively disabling impairments found in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 426.925 and 416.926). The ALJ found that the Plaintiff did not meet the criteria of Listing of Impairments ¶12.04, ¶12.05, and ¶12.06. Plaintiff argues that the ALJ should have considered whether Plaintiff's disabilities were the equivalent of ¶12.05 and whether Plaintiff's disabilities met or were the equivalent of ¶12.02.

### i.     Listing ¶12.05

Listing of Impairments ¶12.05 provides the criteria for establishing an intellectual disorder.[5] It is the claimant's burden to prove this disability. *See* C.F.R. § 404.1512(b)(3); *Wall v. Astrue*, 561 F.3d 1048, 1062 (10th 2009) (further citation omitted). When there is not enough evidence to determine whether a claimant meets the criteria of a listing, the ALJ has the discretion to either request additional evidence or weigh the existing evidence. C.F.R. 404.1520b.

To establish a severe impairment under ¶12.05, an individual first must meet the capsule definition. The capsule definition requires a claimant to demonstrate an intellectual disability before reaching the age of 22. After a claimant establishes the capsule definition, a claimant must then demonstrate that he or she has a severe impairment because the disability meets or equals one of the four subparts of ¶ 12.05. The ALJ found that Plaintiff did not meet the capsule definition of ¶12.05 or any of its four subparts.

Plaintiff argues that the ALJ erred in finding that he did not meet the criteria of ¶ 12.05 when there was some evidence that he had been intellectually impaired prior to age 22. This evidence included Plaintiff's testimony that he was in special education while in secondary school and a statement in a consulting specialist's report that Plaintiff could have had the intellectual disability prior to age 22. Other evidence, including information in the same consulting specialist's report, suggested that a head injury after age 22 could have initiated or exacerbated Plaintiff's intellectual disability. The record also included evidence that the Plaintiff had engaged in recreational drug use, but the record did not show whether the drug use could have affected Plaintiff's IQ. The ALJ weighed this evidence and found that the Plaintiff had not met his burden and shown that he met the capsule definition. This Court may not reweigh the evidence or substitute its discretion for that of the Commissioner. *Glass v. Shalala*, 43 F.3d 1392, 1395 (10th Cir. 1994). Because the ALJ has the discretion to weigh the existing evidence, and there was evidence supporting both inferences, the Court cannot find that the ALJ erred in concluding the Plaintiff had not met his burden of establishing this impairment.

Plaintiff also argues the ALJ erred by failing to examine whether the evidence showed the Plaintiff had the medical equivalence of ¶ 12.05, subparagraph C. While the Listing provides that a claimant may meet the criteria of ¶12.05 by demonstrating the equivalence of a subpart, the equivalence determination applies only to the subparts. A condition precedent to the equivalence examination is the capsule requirement—an intellectual disability prior to the

---

[5] The relevant regulations and listings are the ones in effect on December 1, 2015, the date of the ALJ's determination.

age of 22. Because the ALJ found that Plaintiff did not establish the capsule criteria, any error the ALJ made in not determining whether Plaintiff's disability was the equivalent of subparagraph C was harmless. A harmless error analysis is appropriate when findings preclude a claimant's qualifications under the listing at Step 3 such that 'no reasonable administrative factfinder, following the correct analysis, could have resolved the factual matter in any other way." *Fisher-Ross v. Barnhart*, 431 F.3d 729, 733-34 (10th Cir. 2005). In the absence of a determination that Plaintiff was intellectually disabled before turning 22, proof that the Plaintiff had the equivalence of subparagraph C would be immaterial.

### ii. Listing ¶ 12.02

Listing of Impairments ¶12.02 provides the criteria for establishing an organic mental disorder. To prove a severe disability under ¶12.02, a claimant must show both the "presence of a specific organic factor judged to be etiologically related to the abnormal mental state and loss of previously acquired functional abilities" and that the claimant meets the requirements of subparagraph A and B or subparagraph C. The ALJ did not consider ¶12.02 in her findings. Plaintiff argues that in failing to do so, the ALJ erred because the issue was squarely before her. His argument is threefold: 1) Plaintiff's disability application was premised on the head injury; 2) the head injury is documented in the medical record; 3) the ALJ referenced the head injury as a possible source of Plaintiff's intellectual disability.

Assuming the head injury was squarely before the ALJ, the ALJ's failure to address the head injury was also harmless error. Although the ALJ did not address ¶ 12.02, the ALJ thoroughly analyzed Listings ¶¶ 12.04, 12.05 and 12.06 and their subparts and concluded that the Plaintiff did not meet any of the requirements of those listings. The subparts of ¶12.04, 12.05 and ¶12.06 are substantively the same as the subparts found in ¶12.02. Because the ALJ found that Plaintiff did not meet the substantive requirements of A, B, and C in these other listings, the ALJ would similarly have found the Plaintiff did not meet the requirements of those subparts in ¶ 12.02. Because a disability under Listing ¶12.02 must include the criteria of both the subparts and the capsule definition, the Plaintiff could not have meet the requirements and any error made by the ALJ was harmless.

### B. The ALJ Did Not Err in the Weight Accorded a Consultant's Report

The law is clear that the ALJ may determine the weight to give different medical experts as long as the ALJ uses the relevant factors and explains her basis for the weight she gives to their findings. *Oldham v. Astrue*, 509 F.3d 1254, 1258 (10th Cir. 2007). When assessing medical opinions, an ALJ must evaluate the following: the

examining relationship, the treatment relationship, the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, the supportability, the consistency, the specialization of the individual providing the medical opinion, and other factors. 20 C.F.R. § 404.1527(c) Plaintiff contends that because the ALJ did not discuss and therefore did not consider the specific factor that Dr. Emery was a specialist in his field she could not have given proper weight to his findings. However, there is no requirement that when explaining the weight an ALJ gave to medical opinions the ALJ must explicitly discuss all of the §404.1527(d) factors. *Oldham*, 509 F.3d at 1258. Instead, the ALJ must merely provide good reasons for the weight she gave to medical opinions. *Id. see also* § 404.1527(d)(2). The ALJ went through each of Dr. Emery's findings and explained the weight she gave to his opinions and her reasons for doing so.

The Plaintiff argues that the ALJ based her reasons on improper or speculative inferences. This argument assumes that when a specialist, such as Dr. Emery, makes findings of social limitations, that opinion has controlling weight throughout the proceeding. What this argument ignores is that a specialist's observation about social limitations is not a controlling finding that a claimant meets the requirements of the Listing. Determinations about whether a claimant meets the statutory definition of disability are left to the discretion of the Commissioner. § 404.1527(d)(1). The evidence before the ALJ included all evidence in the record, including Plaintiff's testimony. Although the evidence may have supported contrary findings, it is not this Court's function to reweigh evidence but only to determine if is there was sufficient evidence to support the ALJ's findings. *Oldham*, 509 F.3d at 1257. Here, sufficient evidence supported the ALJ's findings.

**C.      The ALJ Did Not Err at Step 5**

Plaintiff argues that the ALJ erred at Step 5 when she failed to clarify the vocational expert's (VE) testimony. Plaintiff also contends that the ALJ should have given more weight to the consulting specialist's clinical findings. Because the ALJ did not err in the weight she gave to the consulting specialist's clinical findings, she committed no error at this step. The ALJ did not need to clarify the VE's testimony as long as her hypothetical "include[s] all (and only) those impairments borne out by the evidentiary record." *Evans v. Chater*, 55 F. 3d 530, 532 (10th Cir. 1995).

In the Plaintiff's Objections, the Plaintiff raises a new argument pertaining to this step. He contends that the limitations included in the ALJ's residual functional capacity (RFC) are inconsistent with the jobs identified by the vocational expert. It is inappropriate to advance a new argument at this stage of the proceedings. *Marshall v. Chater*,

75 F.3d 1421, 1426 (10th Cir. 1996). "Issues raised for the first time in objections to a magistrate judge's recommendation are deemed waived." *Id.*

IT IS ORDERED THAT

1. Judge Wormuth's PFRD (Doc. 30) and Clarification (Doc. 34) are ADOPTED;

2. Plaintiff Objections (Doc. 31) and Objections to Clarification (Doc. 35) are OVERRULED;

3. Plaintiff's Motion to Remand (Doc. 25) is DENIED; and

4. This action is DISMISSED with prejudice and a Final Judgement will be entered.

_____
SENIOR UNITED STATES DISTRICT JUDGE